**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEVIN DONNELL MURPHY,     ) | |
|        ) | |
|     Plaintiff,     ) | |
|        ) | |
|     v.     ) | Civil Action No. 1:26-cv-01828 (UNA) |
|        ) | |
|        ) | |
| MARY A. JOHNSON,     ) | |
|        ) | |
|     Defendant.     ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on initial review of Plaintiff Kevin D. Murphy's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP App."), ECF No. 2.  The Court grants the IFP Application as to Murphy <u>only</u>, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Maryland, sues the U.S. Naval Research Laboratory ("NRL") and one of its officials.  *See* Compl. at 2–3.  He also attempts to bring this matter on behalf of his company, Alkebulan Airlines, *see id*. at 1, 4, which he may not do, because he is not licensed counsel, *see* 28 U.S.C. § 1654; *see also see Greater Southeast Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009) (citing *Rowland*, 506 U.S. at 201–02).  Nor may an entity proceed IFP, because a non-individual cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–07 (1993).

In any event, Plaintiff has failed to state a claim.  He alleges that he submitted a grant proposal application in response to NRL's Broad Agency Announcement ("BAA") #N00173-23-S-BA01. *See* Compl. at 11–12. "After submission, Plaintiff received communication from

Defendant stating that proposals were accepted only through an "invite-only" process and that participation required submission of a white paper and agency interest prior to review." *Id*. at 12. Plaintiff contends that the BAA "did not identify an undisclosed 'permission,' 'invite-only,' or pre-approval requirement as a condition of eligibility or participation." *Id.* at 12.  He asserts that this alleged lack of transparency in the application process violates the Administrative Procedure Act, *see id.* at 12–13, and he seeks damages and equitable relief, *see id*. at 14–16.

To sufficiently state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*; *see Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam) (authorizing *sua sponte* dismissal for failure to state a claim).  Further, the IFP statute requires dismissal of a case "at any time" the court determines that a complaint fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Here, even affording Plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), his Complaint fails to state an actionable claim.  A BAA, as defined in the Code of Federal Regulations, is "a general announcement of an agency's research interest" and "cannot be said to provide authorization and consent," nor does it constitute a contract with any given applicant. *See Golden v. United States*, 137 Fed. Cl. 155, 173, 184–85 (Fed. Cl. 2018) (citing 48 C.F.R. § 2.101(b) (defining a "BAA" as "a general announcement of an agency's research interest including criteria

for selecting proposals and soliciting the participation of all offerors capable of satisfying the Government's needs")).

Furthermore, contrary to the Plaintiff's allegations, BAA #N00173-23-S-BA01, indeed discussed in detail the requirements for participation and eligibility, including the requirement to submit white papers for evaluation, *see* NRL BAA Announcement #N00173-23-S-BA01 Long Range Broad Agency Announcement for Basic and Applied Scientific Research, https://www.nrl.navy.mil/Portals/38/PDF%20Files/FY23_BAA_Announcement_FINAL.pdf?ver =MrQ00MLWw9moImdKNEPI3g%3D%3D[1] (last visited 6/12/2026), at 5–6, 9, 11–13, 15,  26, 28–32, 25, 35–37, 39–40, 41–44, 46–50, 52, 65–66, 69–81, 83, 92, and invitations, *see id.* at 11 ("Offerors of WPs found to be consistent with the intent of the BAA will be invited to submit a full proposal. An invitation does not assure an offeror of a subsequent contract award. If selected for a full proposal, additional guidance will be provided to the offeror via email.")

Accordingly, for the stated reasons, the Complaint, and this case, are dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

Date:   June 18, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[1]     The Court may take judicial notice of information from official public websites of government agencies.  *See Cannon v. Dist. of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013).